McGREGOR W. SCOTT
United States Attorney
MICHELE BECKWITH
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-006-KJM |
| Plaintiff, | STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING; FINDINGS AND ORDER |
| v. | |
| ROBERT JAMES HANNA, | |
| Defendant. | |

**BACKGROUND**

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

1 functioning of the federal courts generally."

2 On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings
3 required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure
4 and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted
5 in person without seriously jeopardizing public health and safety." Accordingly, the findings of the
6 Judicial Conference and General Order 620 establish that plea and sentencing hearings cannot take
7 safely take place in person.

8 In order to authorize sentencing hearings by remote means, however, the CARES Act—as
9 implemented by General Order 620—also requires district courts in individual cases to "find, for
10 specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without
11 serious harm to the interests of justice." General Order 620 further requires that the defendant consent
12 to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless
13 "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by
14 teleconference.

15 On January 9, 2020, a grand jury indicted the defendant, ROBERT JAMES HANNA, on one
16 count of Felon in Possession of a Firearm (18 U.S.C. § 922). On September 28, 2020, the defendant
17 pleaded guilty to the single-count indictment. At that hearing, the defendant knowingly waived his right
18 to proceed with his guilty plea in person and agreed to proceed by videoconferencing, which the Court
19 found to be appropriate under the CARES Act. ECF No. 22.

20 On January 25, 2021, the parties appeared before this Court for judgment and sentencing. The
21 Court found that the requirements of the CARES Act were satisfied and the parties agreed.

22 To follow-up on the Court's findings and memorialize them in writing, the parties submit the
23 following stipulation and proposed order.

24 The parties agree that the requirements of the CARES Act and General Order 620 have been
25 satisfied in this case. They request that the Court enter the proposed written order making the specific
26 findings required by the CARES Act and General Order 620. Specifically, for the reasons further set
27 forth below, the parties agree that:

28     1) The parties did not wish the sentencing hearing in this case to be delayed, due to the

STIPULATION REGARDING HEARING    2

serious harm to the interest of justice that could result from such delay, and given the current public health restrictions on physical contact; and,

2) The defendant affirms the waiver of his physical presence at the hearing and his consent to remote hearing by videoconference and counsel joins in that waiver.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19.

4. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

5. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration

analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations).  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

7. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020, and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

8. On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. General Order Nos. 613, 614, 615, 616, 620, 621, 624 have also issued and made findings and implementing temporary emergency procedures in response to the COVID–19 crisis, and these General Orders either remain in effect or have been superseded by a subsequent General Order extending their provisions, with General Order 624 having expired on December 29, 2020. On January 4, 2021, General Order 628 issued, authorizing further continuances of hearings and exclusions under the Speedy Trial Act for another 90 days unless terminated earlier.

10. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11. The parties agreed that further delay of this sentencing hearing could have resulted in serious harm to the interests of justice, especially in light of the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District.

///
///
///
///
///

STIPULATION REGARDING HEARING            4

12. Under CARES Act § 15002(b), defendant consented to proceed with this hearing by video-teleconference.  Counsel joined in this consent.

IT IS SO STIPULATED.

Dated:  January 25, 2021

McGREGOR W. SCOTT
United States Attorney

/s/ Michele Beckwith
Michele Beckwith
Assistant U.S. Attorney

Dated:  January 25, 2021

/s/ Jessica Graves
Jessica Graves
Counsel for Defendant
ROBERT JAMES HANNA

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

   a) Serious harm to the interest of justice could have resulted from further delay to the sentencing hearing in this case; and

   b) The defendant has waived his physical presence at the hearing and consented to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 628, the sentencing hearing was appropriate for being conducted by videoconference.

IT IS SO FOUND AND ORDERED this 26th day of January, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING HEARING                           5