UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:20-cr-00006-KJM-1 |
| Plaintiff, | ORDER |
| v. | |
| Robert James Hanna, | |
| Defendant. | |

Defendant Robert James Hanna, originally proceeding pro se, has moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Now represented by counsel, Mr. Hanna moves for leave to amend his initial motion. The government moves to dismiss the 2255 motion as untimely and opposes the motion for leave to amend. Mr. Hanna opposes the motion to dismiss. The court **grants** Mr. Hanna's motion to amend and **denies** the government's motion to dismiss as moot.

I.   BACKGROUND

On January 25, 2021, the court sentenced defendant Robert James Hanna to 96 months of imprisonment for violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). Mins. Sent'g, ECF No. 31; Indictment, ECF No. 3. The court entered judgment on February 8, 2021. J. & Commitment, ECF No. 35.

1  On September 8, 2022, Mr. Hanna filed a pro se motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  *See* Mot., ECF No. 41.  Although the motion was filed on September 8, the motion form and supplemental papers are signed and dated January 20, 2022.  *See id.* at 6–9.[1]  Among other claims, Mr. Hanna alleges he received ineffective assistance of counsel during the pendency of his criminal case. *Id.* at 4–5.  Mr. Hanna explains his claim for ineffective assistance of counsel further in his supplemental papers.  *See id.* at 7–9.  Specifically, he claims the following: 1) his attorney never explained how the sentencing guidelines worked and did not explain why a felony charge he was not convicted of could be used to increase his sentence; 2) his attorney did not research his prior convictions and did not make any arguments regarding his prior convictions or lack thereof; 3) his attorney did not make arguments in support of the defense's recommended sentence of 57 months; 4) he did not receive a copy of the PSR or its contents for review before sentencing; and 5) he was not informed of his right to appeal.  *See id.*

Prior to the filing of this motion, Mr. Hanna sent a letter to the court on April 27, 2022. Letter, ECF No. 37.  The court ordered counsel Jessica Graves to "let the court know if the court should construe the Defendant's filing as a Motion to Reduce Sentence, or if counsel will be filing a formal Motion."  Min. Order, ECF No. 38.  Counsel did not respond, and the court ordered counsel to show cause why she should not be sanctioned for failure to comply with the court's order.  Order to Show Cause, ECF No. 39.  Ms. Graves responded to the order to show cause and requested new counsel be appointed.  Resp., ECF No. 40.  The court then appointed Erin J. Radekin as Mr. Hanna's counsel.  Order Appointing Attorney, ECF No. 44.

After Mr. Hanna retained new counsel, the parties entered a stipulation requesting a briefing schedule for the 2255 motion.  *See* First Stip., ECF No. 45.  The court approved the stipulation and ordered counsel to "file an amended § 2255 motion, supplemental brief in support of Mr. Hanna's pro se motion, or notice that she does not intend to supplement the pro se motion" by a specific date.  *See* First Stip. & Order, ECF No. 46.  The parties filed several more

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

2

stipulations to amend the briefing schedule, which the court granted. *See* Second Stip. & Order, ECF No. 48; Third Stip. & Order, ECF No. 54; Fourth Stip. & Order, ECF No. 56; Fifth Stip. & Order, ECF No. 58; Sixth Stip. & Order, ECF No. 60; Seventh Stip. & Order, ECF No. 62.

As noted, Mr. Hanna now moves for leave to amend his initial 2255 motion. Mot. Amend, ECF No. 63. He seeks to add a claim that his prior counsel engaged in ineffective assistance of counsel by failing to object to the court's finding that his prior state conviction constituted a crime of violence and as a result, his sentencing proceeding was fundamentally unfair. *Id.* at 3. The government moves to dismiss the initial motion and opposes the motion to amend. Mot. Dismiss & Opp'n, ECF No. 66. Mr. Hanna has filed an opposition to the motion to dismiss and a reply to the motion to amend. Def.'s Opp'n & Reply, ECF No. 73. The government did not file a reply with respect to its motion to dismiss.

**II.     TIMELINESS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal prisoner is typically required to file a motion for habeas relied under § 2255 within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). This one-year limitation period is triggered "once the time for filing a direct appeal of this type of judgment expires[.]" *United States v. Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015). A notice of appeal must be filed within fourteen days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). As noted, the court entered judgment on February 8, 2021, J. & Commitment, and Mr. Hanna did not file a notice of appeal. Accordingly, the one-year limitation period began to run on February 22, 2021.

The government argues Mr. Hanna's motion is barred by the statute of limitations because he did not file his motion until September 8, 2022, more than six months after the limitation period expired. *See* Mot. Dismiss & Opp'n at 6. Mr. Hanna, on the other hand, argues his motion should be deemed filed on January 20, 2022, the day he signed and originally sent his motion for filing, under the so called "Prison Mailbox Rule." Def.'s Opp'n & Reply at 2.

Under the prison mailbox rule, a pro se prisoner's habeas petition is deemed filed "as of the date he submits it to prison authorities for mailing if certain conditions are met."

3

*United States v. Winkles*, 795 F.3d 1134, 1146 (9th Cir. 2015).  "To benefit from the mailbox rule, (1) a prisoner must proceed without counsel, and (2) the petition must be delivered to prison authorities for mailing to the court within the limitations period." *Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (citation omitted).  This rule applies "even where a prisoner's petition is never filed by the court." *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001).  "A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time." *Id.*

      Mr. Hanna signed and dated his initial pro se 2255 motion on January 20, 2022 under penalty of perjury.  Mot. at 6.  Mr. Hanna also has filed a declaration under penalty of perjury, attesting to the fact that he "signed the petition on January 20, 2022, made a copy, then put the petition in an envelope addressed to the Eastern District of California in Sacramento and labeled 'legal mail.'"  Hanna Decl. ¶ 3, ECF No. 73-1.  Then, "[w]ith postage prepaid, [he] deposited the envelope into a designated legal mail drop box in the day room at U.S.P. Atwater on January 20, 2022." *Id.*  The government has not provided any evidence rebutting the declaration, and as noted, has not filed a reply with respect to its motion to dismiss.  Thus, applying the prison mailbox rule, the court deems the motion to have been filed on January 20, 2022. *See, e.g.*, *Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) ("We assume that [defendant] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule."); *Melville v. Shinn*, 68 F.4th 1154, 1159 (9th Cir. 2023) ("[Defendant] signed, dated, and attested that his habeas petition was placed in the prison mailing system on June 1, 2018."); *Porter v. Ollison*, 620 F.3d 952, 955 n.2 (9th Cir. 2010) ("In a motion filed in the district court, [defendant] states that he signed the petition on August 22, 2001.  It will be assumed he provided the petition for mailing on August 22.").

      Additionally, Mr. Hanna was reasonably diligent.  He tried to reach his former counsel several times, he requested a friend submit a letter to the court on his behalf and after not hearing from court for several months, he submitted a copy of his initial 2255 motion. *See* Hanna Decl. ¶¶ 4–5; *see also* Mot. at 10–17.  In *Huizar*, the defendant waited twenty-one months after

requesting a status on his initial habeas petition before sending another copy to the court. 273 F.3d at 1224. The Ninth Circuit found twenty-one months was "not an unusually long time to wait for a court's decision," and found the defendant was reasonably diligent after noting the defendant sent a letter to the court twice and sent a second copy to the court. *Id.* Likewise, here, the shorter period of six months is not an unusually long time to wait for a court's decision, especially in this heavily impacted district. And after not hearing from the court, Mr. Hanna took action by sending another copy of his 2255 motion.

Mr. Hanna is entitled to the benefit of the prison mailbox rule and the court deems his 2255 motion filed as of January 20, 2022. Because he filed his motion within the one-year limitations period, the government's motion to deny the original 2255 motion and motion for leave to file an amended complaint based on this ground is **denied.**

### III. RELATION BACK

As noted, Mr. Hanna seeks to add a claim that his prior counsel engaged in ineffective assistance of counsel by failing to object to the court's finding that his prior conviction constituted a crime of violence. As a result, he says, his sentencing proceeding was fundamentally unfair. Mot. Amend at 3.

Federal Rule of Civil Procedure 15 governs amendments to habeas petitions. *See Mayle v. Felix*, 545 U.S. 644, 649 (2005); *see also* Fed. R. Civ. P. 81(a)(4). Under Rule 15, the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendments made outside of the statute of limitations period may "relate back to the date of the original pleading if the original and amended pleadings 'arise out of the [same] conduct, transaction, or occurrence.'" *Mayle*, 545 U.S. at 655 (alteration omitted) (quoting Fed. R. Civ. P. 15(c)(2)). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664. However, an amended petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. Moreover, new claims cannot be "revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim[.]" *Id.* at 662.

   The government argues Mr. Hanna's new claim for ineffective assistance of counsel does not relate back to his original filing and is "an entirely new ground for relief supported by entirely new facts and arguments that were never addressed in the original sentencing hearing or in defendant's original *pro se* motion." Mot. Dismiss & Opp'n at 10.  The court is unpersuaded. Here, both the new ineffective assistance of counsel claim and the ineffective assistance of counsel claim in the initial 2255 motion are based on prior counsel's alleged errors during sentencing.  *See* Mot. at 7–10; Mot. Amend at 6.  Both claims relate to prior counsel's alleged failure to research and consider Mr. Hanna's prior convictions, and her failure to make arguments regarding Mr. Hanna's prior convictions during sentencing.  *See, e.g.*, Mot. at 7 ("That felony charge is also a wobler [sic] it could be a misdemeanor or felony [and] my attorney never looked into that or argued that."); Mot. Amend at 6–7 (counsel did not argue Mr. Hanna's prior conviction was not a crime of violence).  The ineffective assistance of counsel claim in the original 2255 motion and the proposed amended petition "are tied to a common core of operative facts." *See Mayle*, 545 U.S. at 664; *see, e.g.*, *Spicer v. Madden*, No. 17-07353, 2022 WL 2229936, at *7 (C.D. Cal. Feb. 2, 2022) (new claim shared common core of operative facts that third-party culpability evidence should have been admitted; collecting cases where ineffective assistance of counsel claims related back to the original claim); *United States v. Mota*, No. 13-00093, 2023 WL 3668524, at *2 (N.D. Cal. May 25, 2023) (new ineffective assistance of appellate counsel claim shared common core of operative facts regarding "whether the government disclosed the letter that [the defendant] asserts was material impeachment evidence; whether the jury reviewed inadmissible and prejudicial material; and whether juror bias or misconduct occurred").

   Mr. Hanna's proposed new claim does relate back to the original filing.

## IV. FUTILITY

   "In assessing the propriety of a motion for leave to amend, we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d

805, 808 (9th Cir. 2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). "Futility alone can justify the denial of a motion for leave to amend." *Id.*

The government does not argue Mr. Hanna engaged in bad faith or undue delay. It also does not argue it will be prejudiced by the amended 2255 motion, and defendant has not previously amended the petition. However, the government argues even if the new claim does relate back to the original motion, Mr. Hanna's motion for leave to amend should be denied because it fails to state a claim for ineffective assistance of counsel. Mot. Dismiss & Opp'n at 10. The government argues Mr. Hanna cannot show his counsel's performance was deficient nor can he establish prejudice. *Id.* at 11–12. "Courts within this District and Circuit often defer assessments of a proposed amendment's legal substance until after those amendments are filed and a defendant formally moves to dismiss." *Est. of Thomas v. Cnty. of Sacramento*, No. 20-00903, 2021 WL 5280991, at *2 (E.D. Cal. Nov. 12, 2021) (collecting cases). Here, the court has considered the parties' arguments and record and finds "it is not clear beyond doubt that amendment of the complaint would be futile." *Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2005).

Having considered all the relevant factors, the court grants Mr. Hanna leave to amend his 2255 motion.

## V.   CONCLUSION

For the reasons above, the court **grants defendant's motion to amend** and **denies the government's motion to dismiss** defendant's original motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 as moot.

This order resolves ECF Nos. 63 and 66.

IT IS SO ORDERED.

DATED: August 19, 2024.

CHIEF UNITED STATES DISTRICT JUDGE