UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:20-cr-00006-KJM |
| Plaintiff, | ORDER |
| v. | |
| Robert James Hanna, | |
| Defendant. | |

This court previously denied defendant Robert Hanna's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  *See generally* Prev. Order, ECF No. 91.  Hanna filed an appeal, ECF No. 83, and the Circuit Court remanded the matter to this court "for the limited purpose of granting or denying a certificate of appealability at [this] court's earliest convenience."  Order, No. 25-3816 (9th Cir. July 23, 2025), Dkt. No. 3.1 (citing 28 U.S.C. § 2253(c), among other authorities).

If a district court has rejected the arguments in a § 2255 motion on their merits, the defendant can obtain a certificate of appealability under § 2253(c) by demonstrating "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If a district court has rejected a defendant's arguments on "procedural grounds," then the defendant must show "jurists of reason find it

debatable" both (1) "whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right" and (2) "whether the district court was correct in its procedural ruling." *Id.*

As summarized in this court's previous order, Hanna advanced two arguments in his § 2255 motion. First, he argued the attorney who represented him at his pleading and sentencing should have argued his previous conviction under California Penal Code section 245(a)(4) was not a "crime of violence" for purposes of calculating his base offense level under the relevant Sentencing Guidelines. *See* Prev. Order at 2, 3. This court rejected that argument. If his attorney had argued his conviction was not a "crime of violence," this court would have been bound to hold otherwise, and the circumstances did not clearly or plainly foreshadow any future change in the law. *See id.* at 3–9. In short, "it was reasonable for Hanna's attorney to devote her time and attention to other issues," so Hanna had not been deprived of his constitutional right to the effective assistance of counsel. *Id.* at 9. Reasonable jurists may very well disagree today whether a conviction under section 245(a) amounts to a crime of violence. *Cf. United States v. Gomez*, 115 F.4th 987 (9th Cir. 2024), *vacated, pet. reh'g granted*, 133 F.4th 1083 (9th Cir. 2025). But that is not the question this court must answer in response to the Circuit court's order. This court must instead decide whether reasonable jurists could disagree whether Hanna's attorney fell short of professional standards for attorneys in her position when she did not advance an argument this court was bound to reject, and when there was no clear sign of a coming change in the law. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) (requiring defendants prove their attorney's performance "fell below an objective standard of reasonableness"). The court cannot conclude reasonable jurists might answer that question differently.

In Hanna's second argument, he relied on the Due Process Clause. *See* Prev. Order at 9. He argued his sentencing was "'fundamentally unfair' because 'he was sentenced under an erroneous Guidelines calculation.'" *Id.* (quoting Am. Mot. at 22, ECF No. 75). This court found that argument unpersuasive because Hanna identified no false or unreliable information underlying his sentence and because he did not show the relevant law had undergone a retroactive change. *See id.* at 9–11. Again, while reasonable jurists might very well reach conflicting conclusions if asked to decide now whether section 245(a) of the California Penal Code qualifies

as a crime of violence, the question this court must answer is different: whether reasonable jurists could disagree whether Hanna's sentencing was based on false or unreliable information or whether there had been a retroactive change in the law. The court cannot now say there is any reasonable debate to be had on these questions.

The court therefore **declines to issue a certificate of appealability**. The clerk's office is instructed to serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

DATED: July 28, 2025.

UNITED STATES DISTRICT JUDGE